IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD W. WYATT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARION SPEARMAN,<br><br>　　　　Respondent. | Case No.: C 14-0984 JSC (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in state court.[1]  He has paid the filing fee.  Because the petition states cognizable claims for relief, a response from Respondent is warranted.

## BACKGROUND

In 2006, Petitioner was convicted in Alameda County Superior Court of assaulting a child causing death (Cal. Pen. Code § 273ab) and involuntary manslaughter (Cal. Pen. Code § 192(b)).  The trial court sentenced to a term of 25 years-to-life in state prison.  In 2008, the assault conviction was reversed on appeal by the California Court of Appeal, and the California Supreme Court reversed that decision and remanded.  Following remand, in 2010,

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 1.)

the California Court of Appeal again reversed the assault conviction, on different grounds, and the California Supreme Court again reversed that decision and upheld the conviction. The instant federal petition followed.

**DISCUSSION**

I.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

As grounds for federal habeas relief, Petitioner claims that: (1) his right to due process and his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated because the trial court excluded certain evidence at the pre-trial *Miranda* hearing; (2) the trial court violated his constitutional rights by failing to issue a unanimity instruction (CALCRIM No. 3500); (3) the jury instructions violated his right to due process because they omitted an essential element of the offense of assaulting a child causing his death; (4) the trial court violated his right to due process by failing to instruct the jury that an assault conviction cannot be based on criminal negligence, or solely on evidence of injury; and (5) there is insufficient evidence to support the assault conviction. When liberally construed, these claims are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form within **ninety-one (91) days** of the date this Order is issued. If Respondent consents to a Magistrate Judge's jurisdiction, then Respondent shall file with the Court and serve on Petitioner, within **ninety-one(91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

3. Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 31, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

3